

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 18, 2024

**<u>BY ECF</u>**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

The Government writes to respectfully request permission to apply narrowly tailored redactions to certain victim impact statements, pursuant to the Crimes Victims' Rights Act (the "CVRA"), 18 U.S.C. § 3771, the Attorney General Guidelines for Victim and Witness Assistance (the "AG Guidelines"), and prevailing case law. The proposed redactions consist of a limited category of information, including an individual victim's name, and where applicable, phone number, mailing and email addresses, and FTX account identification number.

The CVRA sets forth the rights of crime victims. Among those rights is the "right to be treated with fairness and respect for the victim's dignity and privacy." *See* 18 U.S.C. § 3771(a)(8). The CVRA authorizes the attorney for the government as well as the victim to enforce the rights granted under it. 18 U.S.C. § 3771(d)(1).  As relevant, the AG Guidelines establish guidelines to be followed by officers and employees of the U.S. Department of Justice ("DOJ") with respect to the treatment of victims of and witnesses to crime. *See* AG Guidelines 2022 Edition (Eff. March 31, 2023).  In order to "protect the dignity and privacy interests of victims," the AG Guidelines direct DOJ personnel to "exercise particular care to safeguard victim impact statements," and to the extent appropriate and legally permissible, "use redaction or other options to avoid public filing of [personal identifying information] and other sensitive information contained in those statements."  Articles II.D.1, V.J.3.

Even in highly publicized cases such as this, courts have held that the minimal redactions proposed herein (*i.e.*, name, phone number, mail/email address, and account identification number) strike an appropriate balance between the public's right to access judicial documents, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978), and a victim's right to privacy, 18 U.S.C. § 3771(a)(8).  *See United States v. Belfort*, No. 98 Cr. 859 (JG), 2014 WL 2612508, at *3 (E.D.N.Y. June 11, 2014) (denying press motion to obtain names of the victims of Jordan Belfort's crimes and the amount of restitution owed to each victim, and observing that, while the "number of victims

and total amount they lost played an important role in . . .[the sentencing determination]," the "specific names and addresses of individual victims did not," and therefore, this information is entitled to less weight when balanced against the "the victims' privacy").   Like in *Belfort*, the presumption of public access to the specific names and personal identifying information of individual victims is outweighed by the victims' individual privacy rights—particularly, where their statements about how the defendant's crimes impacted them are made public, which statements contain the most relevant information pertaining to the defendant's sentencing.  In other words, the value to the public of particular names and other identifying information of the individuals who submitted victim impact statements—as opposed to the content of the statements—is minimal, whereas the risk of intrusion and even danger to victims that would be posed by publicizing their personal information in a case that has received the level and type of scrutiny that this case has (as well as the risk of a chilling effect on other victims coming forward in this and other cases) is significant.

Accordingly, the Government respectfully requests permission to apply narrowly tailored redactions to individual victim impact statements, which anonymizes victim names and personal identifying information.[1]

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/ _____
Nicolas Roos
Danielle R. Sassoon
Samuel Raymond
Thane Rehn
Danielle Kudla
Assistant United States Attorneys
(212) 637-2421

Cc:    Defense Counsel (by ECF)

---

[1] Accompanying this letter request, the Government has attached two sets of victim impact statements as Exhibits A and B.  Exhibit A contains victim impact statements on behalf of corporate entities, which do not contain any redactions.  Exhibit B contains individual victim impact statements, which contain limited redactions consistent with the requests herein.